Sophia Segal (pro se)
E-mail: sophiamedium@mac.com
4639 Lehrer Drive
San Diego, CA 92117
Telephone: 858-220-0465

Plaintiff Pro Se
SOPHIA SEGAL



FILED
Jul 21 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ jillr   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SOPHIA SEGAL,

    Plaintiff,

v.

JASON SEGEL, an individual, THE JASON SEGEL COMPANY, a Delaware corporation, KIRSTEN MILLER, an individual, RANDOM HOUSE LLC, a limited liability company, ONEWORLD PUBLICATIONS, an entity of unknown type, and DOES 1 through 10,

    Defendants.

Case No. '20 CV1382 BAS JLB

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff Sophia Segal, for her Complaint against Defendants [list], alleges as follows:

1. This is an action for copyright infringement and trademark infringement based on defendants' unauthorized use of plaintiff's copyrighted scripts and treatments, and the OTHERWORD trademark, in Defendants' books and other media.

**NATURE OF THE ACTION**

2. Defendants' OTHERWORLD Book Series, marketed, distributed, published, and globally sold as "OTHERWORLD" (Otherworld Book 1) with subsequent, consecutive derivatives, recently retitled as "OTHEREARTH" (originally known as Otherworld Book 2 in the series) and "OTHERLIFE" (originally known as

Case No
COMPLAINT

Otherworld Book 3 in the series) is derived as an original fantasy/science fiction/horror action-thriller series taking place in a virtual world titled "OTHERWORLD" yet in reality, the book series is commonly recognized to many as an unoriginal work.

3. OTHERWORLD Book Series was first seen at San Diego Comic-Con on July 22, 2017, predominantly featured in a glass display case on the convention floor by Random House Publishers (SDCC Vendor). After approximately one week of in-depth reading Sophia Segal was able to confirm and identify trademark and copyright infringements on July 29th, 2017. At a later date, after vigorous analysis from reading the book another seven times, Sophia was able to identify which screenplay and treatment drafts were accessed and copied. Also, identify, repetitive patterns of copying, frequency of use, and distinct plagiarism styles.

4. Plagiarized elements copied (with repetitive frequency) from Sophia Segal's original Intellectual Property OTHERWORLD include; the theme, storyline, tone, mood, pacing, consecutive sequences of events, and distinct world building elements such as; descriptive scene staging, settings and locations, camera and lighting cues (from action blocks), character actions, dialogue, character traits, as well as copyrighted characters designs created by Sophia Segal.

5. Sophia Segal is the owner of registered "Otherworld" and "Otherworld is Just One World Away" trademarks in International Class 16 (printed series of fictional screenplays, printed matter, magazines, books, etc.) By virtue of said trademark registration, she is the sole owner of all rights and interest in and to the name "Otherworld" and "Otherworld is Just One World Away" in Class 16 and all related classes of goods. Furthermore, Ms. Segal has been using the Trademark in interstate commerce continuously since April 3, 2013. As legal owner of these Trademarks, Ms. Segal is entitled to prevent others from using a similar trade name, which is likely to cause confusion in the market place, be it public or within known industries of commerce.

COMPLAINT

6. Defendants are using the trademark "Otherworld," on books (and in other ventures, including but not limited to, virtual reality projects) without authorization. Continued use after being put on notice (Dec 1. 2017) constitutes intentional trademark infringement in violation of the Lanham Act U.S.C.A. §1125. In addition Defendants are also engaging in copyright infringement.

## JURISDICTION AND VENUE

7. This is an action for monetary damages and other relief under the laws of the United States.

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

9. This Court has personal jurisdiction over defendants because each of them is registered by, doing business in, and maintain a principal place of business in the State of California, and each of them has caused injury to plaintiff and his intellectual property within this judicial district.

10. Venue in this judicial district is proper, either under 28 U.S.C. § 1391(b)(1) and (b)(2), as well as 28 U.S.C. § 1400(a).

## PARTIES

11. Plaintiff Sophia Segal is an individual and citizen of, and resides in, the State of California, in the County of San Diego, and is and at all times has been a citizen of the United States.

12. Plaintiff is informed and believes and based thereon alleges that the fictitiously named Defendants captioned hereinabove, inclusive, and each of them (hereinafter "DOE(S)") were in some manner responsible or legally liable for the actions, damages, events, transactions and circumstances alleged herein. The true names and capacities of such fictitiously named defendants, whether individual, corporate, associate, or otherwise are presently unknown to Plaintiff, and Plaintiff will amend this Complaint to assert the true names and capacities of such fictitiously named Defendants when the same have been ascertained. For convenience, each

-3-

COMPLAINT

reference herein to a named Defendant or to Defendants shall also refer to the Doe Defendants and each of them.

13.   Plaintiff is informed and believes and based thereon alleges that each of the Defendants was the agent, partner, servant, employee, or employer of each of the other Defendants herein, and that at all times herein mentioned, each of the Defendants was acting within the course and scope of such employment, partnership and/or agency and that each of the Defendants is jointly and severally responsible for the damages hereinafter alleged.

## SUMMARY OF CLAIMS

14.   Section 32 of the Lanham Act (15 U.S.C. §1114) provides that subsequent unauthorized use of a valid and legally protectable mark in commerce in connection with the distribution, sale, offering for sale, or advertising of goods or services that is likely to cause consumer confusion constitutes trademark infringement.

15.   Registration of a mark on the Principal Register provides various benefits, including a constructive use date conferring a nationwide priority on or in connection with the goods or services specified in the registration as of the application filing date (see 15 U.S.C. §1057 (c)); and constructive notice of the registrant's ownership claim, as well as certain evidentiary benefits including prima facie evidence of the validity and registration of the mark, the registrant's ownership of the mark, and the registrants exclusive right to the use of the mark on or in connection with the goods or services specified in the registration. (see 15 U.S.C. §1071).

16.   Ms. Segal filed the application for said mark on March 11, 2015. Ms. Segal's later acquired registration is effective at least as of said initial filing date.

17.   The Defendants use of the infringing trademark post-dates the effective date of Ms. Segal's registration, and are therefore infringing and actionable.

18.   A party is liable for copyright infringement if it exercises an exclusive right of a copyright owner without authorization, pursuant to 17 U.S.C. §501(a).

COMPLAINT

These rights include the rights to: (1) reproduce a copyrighted work: (2) prepare derivative works based on a copyrighted work; or (3) distribute a copyrighted work to the public (17 U.S.C. §106)

19. Ms. Segal registered her work entitled "Otherworld Original Series" with the US Copyright Office on April 15, 2015 (Registration Number: TXu 1-985-200) and "Otherworld" on July 24, 2015 (Registration Number: TXu 1-987-801).

20. Sophia Segal also retains a copyrighted Sound Recording (Registration Number: SRu000391021) dated August 8, 1998. Titled: Medium: Otherworld (created by Sophia Segal). Indicating the first use of "Otherworld" content used in original creative works connecting directly to Sophia Segal's "Otherworld Original Series."

21. Ms. Segal also retains several Writers Guild Registrations for "Otherworld". WGA Registration numbers and dates are as follows; Reg. Number: 1655519 (Date: 5/27/13), Reg. Number: 1766514 (Date: 2/23/15), Reg. Number: 1300087 (Date: 4/21/17).

22. Defendants are infringing upon said copyrights by borrowing extensively from Ms. Segal's Intellectual Property. Furthermore, there is known public and private industry "access" to Ms. Segal's creative work and projects (in development) through multiple film industry and online channels (eg.,The Black List, William Morris Endeavor Agency, Creative Artists Agency, IMDb.com, and Sophia Segal's main website: www.sophiasegal.com).

## CLAIM ONE

### (For Trademark Infringement)

23. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

24. Plaintiff is the owner of the OTHERWORLD trademark named above in this Complaint.

25. Defendants' use of "Otherworld" on their works constitutes knowing, deliberate, and willful infringement of Plaintiff's trademark under the Lanham Act.

26. Defendants' use of "Otherworld" is likely to cause confusion in the relevant consuming public as to the source or origin of Plaintiff's work and Defendants' works.

27. As a direct result of Defendants' infringement, Plaintiff has been damaged.

28. Plaintiff is entitled to damages, injunctive, and other relief resulting from Defendants' infringement.

## CLAIM TWO

### (For Copyright Infringement)

29. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

30. Plaintiff is the author and copyright owner of the works named above in this Complaint.

31. Defendants have reproduced, displayed, distributed, or otherwise copied Plaintiff's copyrighted works without Plaintiff's authorization or license.

32. The foregoing acts of Defendants infringed upon the exclusive rights granted to authors under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

33. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

34. Plaintiff suffered damages as a result of Defendants' unauthorized use of the works.

35. Having timely registered his copyright in the works, Plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

36. Plaintiff alleges, on information and belief, that Defendants acted recklessly or with knowledge of Plaintiff's copyrights, and such supports an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

37. In the alternative, Plaintiff is entitled to recovery of her actual damages and Defendants' profits attributable to the infringement of the works, under 17 U.S.C. § 504(b).

38. Within the time permitted by law, Plaintiff will make her election between actual damages and profit disgorgement, or statutory damages.

39. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests the following

A. For a preliminary and permanent injunction against defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell their infringing works described in the Complaint;

B. For an order requiring defendants to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photograph used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of plaintiff's works or, where applicable and at plaintiff's election, statutory damages.

E. For an award of pre-judgment interest as allowed by law;

F. For attorney fees and costs, and all other amounts authorized under law.

H. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: July 21, 2020

Respectfully submitted,

By: _____
Sophia Segal
Plaintiff pro se

Perkowski Legal, PC
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071

-8-

COMPLAINT