# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SOPHIA SEGAL,<br><br>                   Plaintiff,<br>    v.<br>JASON SEGEL, *et al.*,<br><br>                  Defendants. | Case No. 20-cv-01382-BAS-JLB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED** ***IN FORMA PAUPERIS***<br><br>**[ECF No. 2]** |

On July 21, 2020, Plaintiff Sophia Segal, proceeding *pro se*, filed a complaint alleging copyright and trademark infringement against numerous Defendants. (Compl., ECF No. 1.) On the same day, Plaintiff also filed a motion seeking leave to proceed *in forma pauperis* ("IFP Motion"). (ECF No. 2.)

Under 28 U.S.C. § 1915, a litigant who is unable to pay the filing fee to commence a legal action because of indigency may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient

which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is unemployed and receives no income other than $312.00 monthly in unemployment payments. (IFP Mot. ¶¶ 1– 3.) Plaintiff owns one vehicle valued at $9,000.00 and lists a balance of $32.65 in her checking account, and $4.00 in her savings. (*Id.* ¶¶ 4, 5.) Plaintiff's monthly expenses, which include utilities, food, and transportation, total $307.00, an amount nearly equaling her income from unemployment. (*Id.* ¶ 8.) Further, Plaintiff notes that the COVID-19 pandemic has shut down her industry of work and that due to the lockdown and her role as a caregiver for an ailing parent, she has a very limited ability to seek work. (*Id.* ¶ 11.)

Given these circumstances, the Court finds that requiring Plaintiff to pay the $400.00 court filing fee would impair her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

Accordingly, the Court **GRANTS** Plaintiff's IFP Motion (ECF No. 2.) However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.

Further, the Court:

(1) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with blank U.S. Marshal Forms 285 for Defendants Jason Segel, The Jason Segel Company, Kirsten Miller, Random House LLC, and OneWorld Publications (collectively, "Defendants"). In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of her Complaint, and the summons so that she may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete a Form 285 for each Defendant as completely and accurately as possible, **include an address where each Defendant may be found**, and return the Forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the IFP package.

(2) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and Summons upon Defendants as directed by Plaintiff on each USM Form 285 provided to her. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

(3) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants—or, if appearance has been entered by counsel, upon Defendants' counsel—a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include, with every original document she seeks to file with the Clerk of the Court, a certificate stating the

manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ. L. R. 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendants, may be disregarded.

**IT IS SO ORDERED.**

**DATED: July 22, 2020**

Hon. Cynthia Bashant
United States District Judge