# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA SEGAL,<br><br>         Plaintiff,<br><br> v.<br><br>JASON SEGEL, *et al.*,<br><br>         Defendants. | Case No. 20-cv-01382-BAS-JLB<br><br>**ORDER REQUIRING SERVICE OF THE FIRST AMENDED COMPLAINT** |

  On July 21, 2020, Plaintiff Sophia Segal, proceeding pro se, filed a complaint alleging copyright and trademark infringement against numerous Defendants. (Compl., ECF No. 1.) On the same day, Plaintiff also filed a motion seeking leave to proceed in forma pauperis ("IFP Motion"). (ECF No. 2.) The Court granted Plaintiff's IFP Motion and directed the U.S. Marshal to serve Plaintiff's summons and Complaint on July 22, 2020. (IFP Order, ECF No. 4.) Almost three months later, without filing a proof of service of the summons and Complaint and without requesting leave of court, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 8.)

  Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend a pleading as a matter of course 21 days after serving it, or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. All other amendments require the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2).

Plaintiff has not filed a proof of service indicating when service of the original Complaint and summons was executed on Defendants to establish that her FAC was a timely amendment as a matter of course under Rule 15(a)(1).[1] Under Federal Rule of Civil Procedure 4(m), a defendant must be served within 90 days after the complaint is filed. The Court considers the Rule 4(m) clock tolled while it screened Plaintiff's IFP Motion. *See Butler v. Nat'l Cmty. Renaissance of Calif.*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]—day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process"). Therefore, Plaintiff's 90-day service clock began to run on July 22, 2020, meaning that the deadline for service on Defendants was October 20, 2020. However, Plaintiff has not shown proof of timely service and no Defendants have appeared in this action.

Plaintiff also has not, in the alternative, requested leave of Court to file her FAC under Rule 15(a)(2). *See Waters v. Howard Sommers Towing, Inc.*, No. CV 10-5296 CAS (AJWx), 2011 WL 13217266, at *3 (C.D. Cal. Apr. 11, 2011). However, the Court on its own motion grants leave for Plaintiff's filing of the FAC. *See id.* (citing Fed. R. Civ. P. 15(a)(2)).

Given the aforementioned circumstances and the amount of time that has passed since Plaintiff's filing of this action, the Court **ORDERS** the following:

(1) Because it is unclear whether Plaintiff returned the necessary forms to the United States Marshal Service ("USMS") to effect service of the original Complaint, the Clerk is directed to reissue to Plaintiff the IFP package containing a blank U.S. Marshal

---

[1] The Court notes that Plaintiff was granted service by the U.S. Marshal in light of her IFP status. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). It is Plaintiff's responsibility to "provide [ ] the marshal with sufficient information to serve" Defendants. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). This requires Plaintiff to supply the U.S. Marshal with the information necessary to complete service. *See Slezak v. Subaru Corp.*, No. 19-CV-00082-DKW-KJM, 2020 WL 234618, at *4 (D. Haw. Jan. 15, 2020). In the Court's previous Order, Plaintiff was instructed to do so by completing U.S. Marshal Forms 285, which were provided by the Clerk, for each Defendant. It is unclear to the Court whether Plaintiff has done so.

Form 285 ("USM-285") for each Defendant, a certified copy of the July 22, 2020 IFP Order, a certified copy of the FAC, and the amended summons.

(2) In accordance with the instructions in the IFP Order (ECF No. 4) and the Clerk's IFP letter (ECF No. 5-1), Plaintiff shall completely fill out the USM-285s for each Defendant and resend these forms and the necessary copies of the FAC, amended summons, and Court's IFP Order to the U.S. Marshals by **January 18, 2021**.

(3) Further, by **January 22, 2021**, Plaintiff is required to file a declaration with the Court attesting that she has fully complied with this Order.

**Plaintiff is warned that she will receive no more extensions of time to complete service and that failure to comply with these deadlines will result in the Court dismissing this action.**

IT IS SO ORDERED.

DATED: January 7, 2021

Hon. Cynthia Bashant
United States District Judge