1 | Peter E. Perkowski (SBN 199491)
2 | peter@perkowskilegal.com
  | PERKOWSKI LEGAL, PC
3 | 445 S. Figueroa Street
  | Suite 3100
4 | Los Angeles, California 90071
  | Telephone: (213) 426-2137
5 |
  | Attorneys for Plaintiff
6 | SOPHIA SEGAL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| SOPHIA SEGAL, | Case No.: 2:20-cv-1382 BAS JLB |
|---|---|
| *Plaintiff*, | *Hon. Cynthia A. Bashant* |
| v. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PERKOWSKI LEGAL, PC'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF SOPHIA SEGAL |
| JASON SEGEL et al., | |
| *Defendants*. | |
| | Hearing date:  July 6, 2021 |
| | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

# MEMORANDUM OF POINTS & AUTHORITIES

Perkowski Legal, PC ("Movant") moves to withdraw from representation of Plaintiff Sophia Segal on the ground that there is an irreconcilable breakdown in the attorney-client relationship between Ms. Segal and Movant. Plaintiff has consented to Movant's withdrawal.

# DISCUSSION

As set forth below, Movant has satisfied its obligations under the Local Civil Rules and the California Rules of Professional Conduct. Accordingly, Movant respectfully requests this court to permit Movant to withdraw as counsel for Ms. Segal.

### A. Movant has complied with procedural requirements.

This District's Civil Local Rules permits the withdrawal of counsel upon service of a notice of motion on the adverse party and on the moving attorney's client. *See* CivLR 83.3(f)(3)(a). The Local Rules also require the moving party to file a declaration pertaining to such service. *See* CivLR 83.3(f)(3)(b). Movant has complied with these requirements: Movant properly served Defendants and Ms. Segal as required, as explained in the supporting declaration of Peter Perkowski. (Perkowski Decl. ¶ 9.)

Indeed, Movant has gone beyond these requirements. Before filing this motion, Movant informed Ms. Segal of its intent to withdraw and provided a copy of this notice of motion, memorandum of points and authorities, and declaration. (Perkowski Decl. ¶ 7.) In response, Ms. Segal stated that she consents to Movant's withdrawal from the case. (Perkowski Decl. ¶ 7.)

### B. Movant satisfies the standards of the Rules of Professional Conduct.

This District's Civil Local Rules also mandate that attorneys comply with the standards of professional conduct applicable to members of the California Bar. *See* CivLR 83.4. Movant has done so.

The California Rules of Professional Conduct permits a lawyer to withdraw as counsel under the following circumstances: (1) when "the client knowingly and freely assents to termination of the representation," Cal. R. Prof. Conduct 1.16(b)(6), (2) when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4), and (3) when the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal," Cal. R. Prof. Conduct 1.16(b)(10). Movant believes that each of these circumstances is present here.

First, Ms. Segal has "knowingly and freely" assented to the withdrawal. After being notified of Movant's intent to withdraw and being provided a copy of this notice of motion and memorandum, Ms. Segal informed Movant that she consents to the motion. (Perkowski Decl. ¶ 7.)

Second, Movant's disagreements with Ms. Segal have, in the words of the Rules of Professional Conduct, made it "unreasonably difficult" for Movant to carry out the representation effectively. As described in the attached Declaration of Peter Perkowski, Ms. Segal and Movant disagree fundamentally on how the case should move forward, and that has led to distrust, loss of faith, and dissatisfaction (on Ms. Segal's part) and doubts (on Movant's part) of the ability to continue the representation. (Perkowski Decl. ¶¶ 3-6.)

Third, Movant believes that the Court will find that good cause exists for the withdrawal. Neither Ms. Segal nor Movant desire to continue the representation, and Movant has formed doubts about its ability to do so consistent with the ethical obligations to perform zealously and competently. Though Ms. Segal continues to search for new counsel to represent her, she consents to the withdrawal and the Court's approval is needed because new counsel has not yet been identified.

3

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO WITHDRAW

**C.   Plaintiff will not be prejudiced.**

This is an ideal time to withdraw. The parties just completed an Early Neutral Evaluation, a scheduling order only just issued (ECF 36), and the parties have only just started discovery. Though there are scheduled deadlines, the deadlines are not likely to prejudice Ms. Segal. The next deadline (to join other parties, amend the pleadings, or to file additional pleadings) is not until July 2, 2021. Additional deadlines are not scheduled until November 19, 2021. In sum, there is ample time in the schedule to retain new counsel to carry on her representation.

## CONCLUSION

In conclusion, Movant believes in good faith that the firm cannot continue serving Ms. Segal effectively, and Ms. Segal has consented to the withdrawal for the same reasons. Movant has satisfied prerequisites to withdraw as counsel, in accordance with the Local Civil Rules and the California Rules of Professional Conduct. This court should grant the motion and allow to Movant to withdraw.

Dated:  June 2, 2021          Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
        Peter E. Perkowski

        Attorneys for Plaintiff
        SOPHIA SEGAL