UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA SEGAL,<br><br>                                Plaintiff,<br><br>   v.<br><br>JASON SEGEL, *et al.*,<br><br>                              Defendants. | Case No. 20-cv-01382-BAS-JLB<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR STAY**<br><br>**(ECF No. 43)** |

      Before the Court is a letter from Plaintiff Sophia Segal requesting a stay of 90 days while she seeks new counsel. (ECF No. 43.) Defendants oppose on the basis that Plaintiff's letter is an improper ex parte request because Plaintiff did not contact Defendants before filing the letter to discuss a stay. (ECF No. 44.)

      *Ex parte* relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To warrant *ex parte* relief, the moving party must show that it will suffer irreparable harm if the motion is not heard on an expedited schedule and that it either did not create the circumstances warranting *ex parte* relief or that the circumstances occurred as a result of excusable neglect. *Id.* at 492. Absent a showing that "bypassing the regular noticed motion procedure is necessary," an ex parte filing is procedurally improper. *Id.* at 492–93.

      Because Plaintiff's letter makes no attempt to justify her *ex parte* request, it is procedurally improper. Judge Burkhardt previously directed Plaintiff to her Civil

Chambers Rules and this District's Local Rules, which instruct litigants to file a joint motion to modify the scheduling order pursuant to Civil Local Rule 7.2 or, if the request is opposed, to file an ex parte motion pursuant to Civil Local Rule 83.3(g). (ECF No. 41; *see also* Hon. Cynthia Bashant's Standing Order for Civil Cases § 6.) Plaintiff has not complied with this instruction and has instead attempted to circumvent procedures by engaging in ex parte communications with the Court. Furthermore, in its previous Order Granting Plaintiff's Motion to Withdraw Counsel, the Court cautioned Plaintiff that the dates in the Scheduling Order remain in effect and that any attempt to continue or otherwise modify the Scheduling Order would require a noticed motion. (ECF No. 40.)

Accordingly, the Court **DENIES** Plaintiff's request. Plaintiff is again directed to review the Chambers Rules for both Judge Bashant and Judge Burkhardt and this District's Civil Local Rules. Any future filings from Plaintiff that fail to comply with the proper procedures may be rejected.

**IT IS SO ORDERED.**

DATED: June 16, 2021

Hon. Cynthia Bashant
United States District Judge