**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, State Bar No. 205513
 jpjassy@jassyvick.com
JEFFREY A. PAYNE, State Bar No. 279034
 jpayne@jassyvick.com
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Telephone:  310-870-7048
Facsimile:   310-870-7010

Attorneys for Defendants
JASON SEGEL, THE JASON SEGEL
COMPANY and PENGUIN RANDOM
HOUSE LLC (erroneously sued as RANDOM
HOUSE LLC)

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA SEGAL,<br><br>            Plaintiff,<br><br>    vs.<br><br>JASON SEGEL, an individual; THE JASON SEGEL COMPANY, a Delaware corporation; KIRSTEN MILLER, an individual; RANDOM HOUSE LLC, a limited liability company; ONEWORLD PRODUCTIONS, an entity of unknown type; and DOES 1 through 10,<br><br>            Defendants. | Case No. 20-cv-01382-BAS-JLB<br><br>Hon. Cynthia A. Bashant<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS; DECLARATION OF MARLENE RIOS WITH EXHIBITS 1–2**<br><br>**Hearing Date:**  August 16, 2021<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>[Motion for Judgment on the Pleadings and Notice of Lodging of Exhibit 3 filed concurrently.] |

# REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

Defendants Jason Segel, The Jason Segel Company and Penguin Random House LLC (erroneously sued as Random House LLC) (referred to collectively herein as "Defendants") respectfully request, pursuant to Federal Rules of Evidence 201(b) and (d), that this Court take judicial notice of the following documents that are directly at issue and described at length in Plaintiff's First Amended Complaint ("FAC"): (1) the deposit copy of Plaintiff's script at issue ("Otherworld (The Gateway)") that Defendants obtained from the Copyright Office; (2) the deposit copy of Plaintiff's treatment or so-called *Otherworld Teaser* that Defendants obtained from the Copyright Office; and (3) a copy of Defendants' *Otherworld: Last Reality* book.  Defendants concurrently submit these works to the Court along with a Notice of Lodging.

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE WORKS AT ISSUE.

Federal Rule of Evidence 201(b) provides that facts are subject to judicial notice where they are "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Federal Rule of Evidence 201(d) states that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information."

In ruling on a motion to dismiss, a court may take judicial notice of items and documents outside the pleadings when such items are referenced in the complaint. *See, e.g.*, *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."); *Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005); *Zella v. The E.W. Scripps Co.*, 529

F. Supp. 2d 1124, 1128 (C.D. Cal. 2007). In copyright cases, courts frequently take judicial notice of both the plaintiff's allegedly infringed work and the defendant's allegedly infringing work when evaluating substantial similarity. *E.g.*, *Ricketts v. CBS Corps.*, 439 F.Supp.3d 1199, 1211 n.4 (C.D. Cal. 2020) (on a motion for judgment on the pleadings, granting request for judicial notice of "Plaintiff's copyright registrations and the 'promos' for, and the first two episodes of" Defendant's television series at issue in the case); *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 256 F. Supp. 3d 1099, 1105 n.1 (S.D. Cal. 2017) (granting request for judicial notice of allegedly infringed and infringing works); *Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1111 n.3 (N.D. Cal. 2010) (taking judicial notice of a copy of the plaintiff's "written screenplay … on file with the Copyright Office" and a copy of the defendants' allegedly infringing motion picture); *Silas v. Home Box Office, Inc.*, 201 F. Supp. 3d 1158, 1169 (C.D. Cal. 2016) (finding that court must take judicial notice of actual contents of allegedly infringing work rather than relying on plaintiff's description of the work in the complaint); *Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1062–62 (C.D. Cal. 2017) (taking judicial notice of DVD of allegedly infringing work); *see also Shame on You Prods., Inc. v. Banks*, 120 F. Supp. 3d 1123, 1144 (C.D. Cal. 2015) (in ruling on a motion for judgment on the pleadings on substantial similarity, "a district court can consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" and "documents on which the complaint necessarily relies" without converting the motion into a motion for summary judgment) (internal quotation marks omitted).

Plaintiff purports to describe the contents of her draft screenplay for "'Otherworld – The Gateway' Episode I," her "screenplay treatment titled *Otherworld Teaser*," and Defendants' *Otherworld: Last Reality* book in detail throughout her FAC. *See, e.g.*, FAC ¶¶ 18–19, 29–32, 52–58, 93. Judicial notice of

such works is therefore appropriate.  The copies of those works and their contents are not subject to reasonable dispute and are capable of accurate and ready determination.

## III.  CONCLUSION

Defendants respectfully request that the Court take judicial notice of the deposit copy of Plaintiff's screenplay, the deposit copy of Plaintiff's *Otherworld Teaser*, and Defendants' *Otherworld: Last Realty* book, all of which are directly at issue and described in Plaintiff's FAC.

DATED: July 12, 2021

Respectfully submitted,

JASSY VICK CAROLAN LLP

_____/s/Jean-Paul Jassy_____
JEAN-PAUL JASSY
Counsel for Defendants Jason Segel, The Jason Segel Company and Penguin Random House LLC