**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, State Bar No. 205513
  jpjassy@jassyvick.com
JEFFREY A. PAYNE, State Bar No. 279034
  jpayne@jassyvick.com
355 S. Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:  310-870-7048
Facsimile:   310-870-7010

Attorneys for Defendants
JASON SEGEL, THE JASON SEGEL
COMPANY and PENGUIN RANDOM
HOUSE LLC (erroneously sued as RANDOM
HOUSE LLC)

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA SEGAL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JASON SEGEL, an individual; THE JASON SEGEL COMPANY, a Delaware corporation; KIRSTEN MILLER, an individual; RANDOM HOUSE LLC, a limited liability company; ONEWORLD PRODUCTIONS, an entity of unknown type; and DOES 1 through 10,<br><br>　　　　Defendants. | Case No. 20-cv-01382-BAS-JLB<br><br>Hon. Cynthia A. Bashant<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (ECF NO. 68)**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## I. Introduction

Plaintiff Sophia Segal's Ex Parte Application for Dismissal Without Prejudice (ECF No. 68) arrives on this Court's doorstep just as Defendants[1] are on the verge of bringing this case to a definitive end by way of summary judgment, having secured an expert report vindicating what they've known since day one: that they did not know about, much less infringe, Segal's alleged works. Segal now hopes to escape this motion by trying to withdraw her claim, at the close of discovery.

Allowing Segal to dismiss her case now would deeply prejudice Defendants, who have expended considerable resources diligently defending this case from its inception. Dismissal at this late stage just so that Segal could keep trying in vain to find support her claims would thrust the parties back to square one, forcing Defendants to expend still *more* resources just to bring the case back to where it stands now—all while Segal's meritless lawsuit continues to loom over Defendants' heads.

The deadline for the parties to disclose experts and exchange expert reports in this case was February 28, 2022. ECF No. 65. Contrary to Segal's overt misrepresentation in her Application, Defendants *did* disclose a substantial similarity expert and an accompanying report (concluding that Defendants' work was not substantially similar to Segal's alleged works) on February 28. Segal's Application is a transparent effort to end-run her failure to timely serve an expert report in this case (which dooms her claims, on which she bears the burden of proof). In addition, the fact discovery cutoff date in this case is this week—on March 11, 2022. Again, contrary to Segal's misrepresentations in her Application, Defendants *have* taken discovery in this case: Defendants served requests for production and requests for

---

[1] As used herein, the term "Defendants" refers to the named defendants that remain in this case: Jason Segel, The Jason Segel Company, and Penguin Random House LLC (erroneously sued as Random House LLC).

1  admission in May 2021, to which Segal responded in July 2021. It is only *Segal* who has not taken any discovery in this case.

This case has been pending for nearly two years. During that time, Segal could have retained an expert and served or taken discovery at any time. She did not. The Court should not countenance Segal's eleventh-hour effort to again avoid the consequences of her failures by dismissing and refiling later on another timeline. Defendants request a dismissal *with prejudice*, which is warranted under the circumstances of this case. Alternatively, Defendants request that the Court deny Segal's Application for dismissal without prejudice and issue an order to show cause why this case should not be dismissed with prejudice in light of Segal's failure to serve an expert report.

## II.   Procedural History

Segal filed her original Complaint in this case on July 21, 2020. ECF No. 1. Segal was representing herself pro se at the time. *See, e.g.*, *id.*; Order Granting Motion for Leave to Proceed In Forma Pauperis, ECF No. 4 (July 22, 2021). She filed her First Amended Complaint (FAC) three months later, on October 22, 2020 (nunc pro tunc), before she had served any defendant. ECF Nos. 7, 8. Segal was still representing herself at the time, but the name of a law firm, Perkowski Legal, PC, was in the left margin of every page of the FAC, beginning on page 2. *See* ECF No. 8 at 2–79.

On January 8, 2021, the Court entered an order requiring service of the FAC, as Segal had failed by that point to effect service on any Defendant. ECF No. 9; *see also* Order Requiring Plaintiff to Show Cause re: Service, ECF No. 14 (Feb. 16, 2021) ("Plaintiff filed this case nearly seven months ago and has still not demonstrated that service has been completed on the majority of the named Defendants."). Segal ultimately retained counsel—Peter Perkowski (the same name that appeared on the purportedly pro se FAC)—in February, *see* ECF No. 12, and finally completed service on Defendants in March 2021, *see generally* Response to

1  Order to Show Cause, ECF No. 27 (Mar. 16, 2021). Defendant Penguin Random
2  House answered Segal's FAC on March 9 (ECF No. 22), and Jason Segel and his
3  company, The Jason Segel Company, answered Segal's FAC on March 25 (ECF
4  No. 28).
5       On April 1, 2021, Judge Burkhardt issued a Notice and Order setting the ENE
6  in this case for May 6, 2021. ECF No. 30. Defendants diligently prepared for the
7  ENE. Payne Decl. ¶ 2. All parties and their counsel appeared for the ENE on May 6,
8  but Judge Burkhardt informed the Defendants at the outset of the ENE that Segal
9  would not proceed with the ENE, for reasons Judge Burkhardt could not disclose. *Id.*
10      Mr. Perkowski moved to withdraw as counsel a month later. ECF No. 39 (June
11 2, 2021). The Court granted Perkowski's withdrawal motion on June 7. ECF No. 40;
12 *see also* Defs.' Opp. to Plf.'s Mot. for Stay 1 n.1, ECF No. 44 (June 15, 2021)
13 (explaining the grounds on which Defendants would have opposed the withdrawal
14 motion). The Court's June 7 order granting the motion to withdraw as counsel
15 acknowledged Segal's ability to proceed with the case, admonished her to abide by
16 case deadlines, and specifically pointed out to her the amount of time available to her
17 to find new counsel: "Plaintiff commenced this case pro se and therefore has
18 demonstrated some capacity to prosecute this case independently … Plaintiff has
19 nearly a month to either retain new counsel or proceed pro se before the next deadline
20 in the Scheduling Order. … The Court cautions Plaintiff that all deadlines set in the
21 Scheduling Order remain in effect." ECF No. 40 at 2:12–20.
22      Defendants then served their first set of requests for production and requests
23 for admission on May 28, 2021. Payne Decl. ¶ 3. Following a courtesy extension of
24 time to serve her responses, Segal responded to Defendants' discovery requests on
25 July 28, 2021. *Id.* ¶ 4.
26      Defendants moved for judgment on the pleadings on July 12, 2021. Two weeks
27 later, Segal applied ex parte to continue the hearing date on Defendants' motion,
28 arguing that she was representing herself and needed more time to secure an

1  attorney.² ECF No. 51, at 2–3. The Court granted Segal's request over Defendants'
2  objections, ECF No. 54, and Defendants' motion was fully briefed as of September 7,
3  2021, ECF No. 66.
4        While Defendants' motion for judgment on the pleadings was pending, the
5  parties jointly moved to amend the scheduling order to amend the scheduling order in
6  this case, both to accommodate a death in Segal's family and to preserve the parties'
7  resources pending a determination on Defendants' motion. ECF No. 64.
8  Judge Burkhardt granted that motion on December 15, 2021, but warned that
9  "additional requests to amend the Scheduling Order are unlikely to be granted absent
10  a showing of extraordinary cause." ECF No. 65. Judge Burkhardt's order retained a
11  previously extended expert cutoff date of February 28, 2022, *see* ECF No. 63
12  (extended expert disclosure deadline from November 19, 2021 to February 28, 2022),
13  and extended the fact discovery cutoff date from January 21, 2022, to March 11,
14  2022.
15        The Court granted in part and denied in part Defendants' motion for judgment
16  on the pleadings on January 21, 2022. ECF No. 66. Nearly three weeks later (and just
17  two weeks before the February 28 expert disclosure deadline), on February 10, Segal
18  wrote to Defendants to request yet another 30-day extension of the expert designation
19  deadline in this case but did not explain why she needed additional time.³ Payne Decl.
20  ¶ 5. Mindful of Judge Burkhardt's admonition that any further continuances would
21  require demonstration of "extraordinary cause" and how long the case had been
22  pending, Defendants declined Segal's request for another continuance. *Id.* A week

---

² She noted at that time—on July 27, 2021—that she "ha[d] attorneys willing to consider becoming Plaintiff's lawyer," but that those attorneys needed to "review the large amount of evidence in this case, do a detailed review of the record, and conduct legal research on the issues raised in the case" before any of them "can make a final decision" on whether to represent her. ECF No. 51, at 3:4–7. Since then, no attorney has made an appearance on Segal's behalf (although Peter Perkowski's name still appears in the margins of her pleadings, despite his withdrawal in June 2021).

³ Segal does not mention this email in her Ex Parte Application or the declaration she submitted in support of that Application.

later, Segal asked on February 18 whether, "[d]ue to circumstances," Defendants would stipulate to voluntary dismissal of this case. Payne Decl. ¶ 6; *see also* Segal Decl. ¶ 3. Segal did not explain what the "circumstances" were that warranted dismissal without prejudice. Payne Decl. ¶ 6. Defendants responded that they would agree to a dismissal *with* prejudice, but not to dismissal *without* prejudice. Segal Decl. ¶ 3 and Exhibit 1 thereto.

Despite the many extensions Segal has received for various deadlines throughout the life of this case, Segal never made any effort to take any discovery in this case. Ex Parte App. 5:10–11. As required by Judge Burkhardt's order amending the scheduling order in this case, Defendants served their expert disclosures and accompanying expert report on Monday, February 28. Payne Decl. ¶ 7. Segal has made no expert disclosures, nor has she served an expert report in this case. *Id.* ¶ 8.

### III. Argument

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may only dismiss an action in later stages of litigation with a court order. The purpose of this rule is to ensure that "the defendant will not be prejudiced or unfairly affected by dismissal" as a result of the plaintiff's decision to terminate a case that the defendant has already expended resources to defend. *See Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). This case presents a classic scenario that Rule 41(a)(2) was unquestionably designed to prevent: a plaintiff's opportunistic attempt to dismiss a case deep into litigation to circumvent the plaintiff's own failures in the case to meet and satisfy Court-imposed deadlines in order to secure a legal advantage over the defendant.

### A.  This case should be dismissed *with* prejudice.

Given Rule 41(a)(2)'s purpose, the long time this case has been pending, the tremendous amount of resources Defendants have spent defending the case during that time (including on Defendants' recently served expert report, which conclusively establishes that the competing works are not substantially simlar, *see* Payne Decl. ¶ 7

& Ex. 1), and Segal's transparent gamesmanship in seeking dismissal now—just days after she failed to meet her expert disclosure deadline and just days before the close of fact discovery—any dismissal of this case at this late stage of the litigation must be *with prejudice.*

In ruling on a request for dismissal under Rule 41(a)(2), the Court must make three separate determinations: "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Pelletier v. United States*, No. 20-cv-1905-GPC-DEB, 2021 WL 2895817, at *2 (S.D. Cal. July 8, 2021) (quoting *Williams v. Peralta Cmty. College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)). In considering whether dismissal is appropriate with prejudice, the Court may consider "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Pelletier*, 2021 WL 2895817, at *2 (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443–44 (N.D. Cal. 1993)).

Each of these factors support dismissal with prejudice. Contrary to Segal's false claim that "Defendants have not had to exert significant effort or expense in preparing for a trial," Ex Parte App. 5:9–12, Defendants have spent *considerable* resources defending Segal's lawsuit in anticipation of trial (if summary judgment is not granted). Among other things, Defendants' fees and costs in this case to date have included preparing for and attending an Early Neutral Evaluation that Segal scuttled, propounding discovery, drafting a motion for judgment on the pleadings that was granted in part, retaining an expert, and serving an expert report within a deadline that Segal simply ignored. Payne Decl. ¶¶ 2, 3, 7. Segal argues that Defendants' fees and costs were mitigated because *she* has "served no discovery, took no deposition, and will **no**[**t**] need to make any expert disclosures." Ex Parte App 5:9–12 (emphasis in original). But Segal's own failure to prosecute her own case does mean that Defendants have not had to expend substantial sums to defend it. Segal is wrong

1  when she states—incredibly—that "Defendants served no discovery." *Id.* at 9 n.1.
2  This, too, is knowingly false: Defendants *did* serve discovery requests in May 2021—
3  which Segal knows, because she responded to them in July 2021. Payne Decl. ¶ 4.
4        Finally, Segal's purported explanation for why she must dismiss this case now
5  is insufficient to support dismissal without prejudice. Segal contends that she has
6  "struggled to secure counsel and funding to prosecute this action." Ex Parte
7  App. 5:14. But Segal has been looking for counsel since *last June*.[4] In July 2021,
8  Segal applied ex parte to continue the date to oppose Defendants' motion for
9  judgment on the pleadings, explaining that she had "been interviewing lawyers to
10 take over representation in this case" since June 7. ECF No. 51, at 3:2–4. In granting
11 Segal's request at that time, the Court "warned" Segal "that the dates in the
12 Scheduling Order remain in effect and no further extensions will be granted to allow
13 Plaintiff to secure representation in this action." ECF No. 54, at 2:5–7; *see also* ECF
14 No. 65, at 2:3–4 (Judge Burkhardt order warning the parties in January 2022 that
15 "additional requests to amend the Scheduling Order are unlikely to be granted absent
16 a showing of extraordinary cause"). Segal's request now to dismiss her case without
17 prejudice on grounds that she *still* can't find counsel is little more than an effort to
18 avoid the Court's earlier orders in this case. Tactics like this support dismissal *with*
19 *prejudice*. *See, e.g.*, *Kamal v. Eden Creamery, LLC*, No. 18-cv-1298 TWR (AGS),
20 2021 WL 4460734, at *4–6 (S.D. Cal. Sept. 29, 2021) (denying plaintiff's request for
21 voluntary dismissal without prejudice and finding that "any dismissal pursuant to
22 Federal Rule of Civil Procedure 41(a)(2) must be with prejudice" where the
23 "Plaintiffs seek to avoid the consequences of their own lack of diligence and deprive
24 the Defendants of the benefit" of the court's earlier ruling) (citing cases).

---

[4] If Segal has been as diligent in seeking "potential experts, litigation funding sources, and attorneys" as she claims in her current Application, Ex Parte App. 15–16, and remains unsuccessful in those efforts, then the likely reason for her inability to find assistance in prosecuting this case starts becomes painfully obvious: Everyone she's interviewed for the last nine months agrees with Defendants' expert's conclusion that Segal's alleged works bears no similarity to Defendants' novel.

**B.  Alternatively, the Court should deny Segal's request for dismissal without prejudice and allow this case to proceed to summary judgment.**

As Segal acknowledges in her Ex Parte Application, courts must construe the Federal Rules of Civil Procedure—including a request for voluntary dismissal under Rule 42—"to secure the just, speedy, and inexpensive determination of ever action and proceeding." Ex Parte App. 4:2–4 (quoting *HANGINOUT, Inc. v. Google, Inc.*, No. 13cv2811 AJB (NLS), 2015 WL 11254688, at *2 (S.D. Cal. Apr. 22, 2015) (quoting F. R. Civ. P. 1)). Dismissal of this case without prejudice at this stage would not only deprive Defendants of the just, speedy, and inexpensive determination of this action, but also reward Segal's dilatory prosecution of her case, at great expense and prejudice to Defendants.

If the Court is not inclined to dismiss this case *with prejudice*, then Segal's Application should be denied—just as the plaintiff's ex parte request was denied in *HANGINOUT*. There, as here, the plaintiff moved ex parte to dismiss the entire action without prejudice after more than a year-and-a-half of litigation. *HANGINOUT*, 2015 WL 11254688, at *1–2. Just before the plaintiff moved ex parte for dismissal, the court had denied the plaintiff's earlier ex parte application to continue scheduling order dates, on grounds that the plaintiff had failed to establish good cause to warrant a continuance. *Id.* at *1. In denying the plaintiff's ex parte application for voluntary dismissal without prejudice, the Court explained,

> Although the uncertainty resulting from a dismissal without prejudice and attendant expense of further litigation does not amount to legal prejudice, the Court finds Defendant would be prejudiced if Plaintiff's request for dismissal was granted. Defendant has actively litigated this matter from the outset and is entitled to resolution of the claims pending against it for approximately a year and a half. White v. Donley, No. CV057728, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4,

-8-

OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION
20-cv-01382-BAS-JLB

2008) ("Dismissing the claims without prejudice would harm Defendant's legal interest in the timely final adjudication of Plaintiff's long-pending claims.").

*Id.* at *2. The court also noted that the timing of the plaintiff's application for dismissal (immediately following a denied request for a continuance) "further suggests that dismissal is inappropriate." *Id.*

As in *HANGINOUT*, this case has been pending for more than a year and a half. During that time, Defendants have actively litigated this matter from the outset, including by answering Segal's FAC, serving discovery requests, and preparing and filing an expert report by the deadline Judge Burkhardt set last December (not to mention responding to Segal's myriad extension requests over the last year). Segal, by contrast, has sought continuance after continuance, all while *entirely* ignoring her discovery and expert disclosure obligations in this case. Faced now with the consequence that she will be unable to support her claims at summary judgment or trial, Segal seeks a do-over. The Court should not permit Segal to punish Defendants for their diligence and benefit from her own disregard for the Court's scheduling order in this case. "Considering the totality of the circumstances, including the timing of this motion[ and] Plaintiff's ongoing efforts to otherwise stay this litigation," this Court should conclude "that prompt resolution of this matter does not favor invoking Rule 41(a)(2)." *Id.* at *2.

Other factors weigh in favor of denying Segal's request for dismissal without prejudice, including her "undue delay … in requesting voluntary dismissal; the motion being brought at a late stage of litigation; and the loss of the ability to bring a claim for attorneys' fees as a prevailing party." *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, No.15-cv-2812, 2016 WL 5842187, at *2 (C.D. Cal. Oct. 5, 2016). Here, Segal unduly delayed in bringing her ex parte application until *after* the expert disclosure deadline and just days before the fact-discovery cutoff date. The deadline to file motions for summary judgment in this case is just a month away, on April 15,

2022, which no doubt further informs the timing for Segal's request for dismissal (particularly given her failure to serve an expert report). And dismissal of Segal's case without prejudice would deprive Defendants of the ability to recover the fees they spent defending Segal's meritless case. *See Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981–82 (9th Cir. 2008) ("[D]ismissal without prejudice does not alter the legal relationship of the parties," and therefore does "not confer prevailing party status upon the defendant.").

## IV.  Conclusion

This case has been pending for long enough. Defendants have spent *considerable* time and expense defending a lawsuit for almost two years that Segal is either unable or unwilling to prosecute. Finally, though, an end is in sight: Defendants have served an expert report vindicating what they've been arguing since this case's inception (that Defendants' novel does not infringe on Segal's alleged works). Plaintiff, by contrast, has no expert report to support her claims. Now, Defendants are prepared to file—and prevail on—a motion for summary judgment next month. Having not served an expert report herself, Segal is poised to lose at summary judgment. She therefore seeks to evade the consequences of her own inaction and delay the inevitable—all at Defendants' further expense. Segal must not be allowed to prejudice Defendants' interests in resolving this case at this late stage in this litigation. The Court should dismiss this case with prejudice. If the Court is not willing to dismiss this case with prejudice at this juncture, then Defendants respectfully request that the Court deny Segal's Ex Parte Application and issue an

/ / /

/ / /

order to show cause why the case should not be dismissed without prejudice in light of Segal's inability to meet her burden on summary judgment.

DATED:   March 7, 2022              Respectfully submitted,

JASSY VICK CAROLAN LLP


        /s/Jeffrey A. Payne
JEFFREY A. PAYNE
Counsel for Defendants Jason Segel,
The Jason Segel Company and Penguin
Random House LLC