**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, State Bar No. 205513
　　jpjassy@jassyvick.com
JEFFREY A. PAYNE, State Bar No. 279034
　　jpayne@jassyvick.com
355 S. Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:　310-870-7048
Facsimile:　310-870-7010

Attorneys for Defendants
JASON SEGEL, THE JASON SEGEL COMPANY and PENGUIN RANDOM HOUSE LLC (erroneously sued as RANDOM HOUSE LLC)

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA SEGAL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JASON SEGEL, an individual; THE JASON SEGEL COMPANY, a Delaware corporation; KIRSTEN MILLER, an individual; RANDOM HOUSE LLC, a limited liability company; ONEWORLD PRODUCTIONS, an entity of unknown type; and DOES 1 through 10,<br><br>　　　　Defendants. | Case No. 20-cv-01382-BAS-JLB<br><br>Hon. Cynthia A. Bashant<br><br>**DECLARATION OF JEFFREY A. PAYNE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (ECF NO. 68)** |

I, Jeffrey A. Payne, declare:

1. I am over eighteen years of age and not a party to this case. I am licensed to practice law in the State of California and am admitted to the U.S. District Court for the Southern District of California. I am Of Counsel at Jassy Vick Carolan LLP, counsel of record in this litigation for Defendants Jason Segel, The Jason Segel Company and Penguin Random House LLC (erroneously sued as Random House LLC) (referred to collectively herein as "Defendants"). The facts stated below are true of my own personal knowledge.

2. My colleague Jean-Paul Jassy and I prepared diligently for a mandatory Early Neutral Evaluation before Magistrate Judge Jill L. Burkhardt. We prepared a presentation explaining how and why Plaintiff Sophia Segal's case lacks merit. On May 6, 2021, I (along with Mr. Jassy) attended and participated in the mandatory ENE on behalf of Defendants. After conferring with Segal and her counsel at the beginning of the ENE, Judge Burkhardt informed counsel for Defendants that Segal was not prepared to move forward with the ENE at that time. Judge Burkhardt stated that she was unable to disclose why Segal was unable to move forward.

3. On May 28, 2021, my office served Segal with Defendants' First Set of Requests for Production and First Set of Requests for Admission.

4. On June 16, 2021, Segal sent me an email seeking a 45- to 50-day extension of time to respond to Defendants' discovery requests. This was the first time Segal had reached out to inquire about an extension. I responded the same day that Defendants would agree to a 30-day extension. Segal accepted the 30-day extension and acknowledged that her new response date would be July 28, 2021. On July 28, 2021, we received responses from Segal.

5. On February 10, 2022, Segal wrote to Defendants to request a 30-day extension "of the proposed Feb 28th, 2022 deadline for my expert designation." Segal did not explain why she needed additional time. Mindful of Judge Burkhardt's admonition that any further continuances would require demonstration of

"extraordinary cause" and how long the case had been pending, Defendants declined Segal's request to continue the expert disclosure deadline further.

6. On February 18, 2022, Segal sent me an email that said, in full: "Due to circumstances, I would like to request that you stipulate my dismissal of the case without prejudice." Segal did not explain what the circumstances were that warranted dismissal. My response to Segal's February 28 email, which I sent on March 1, 2022, is attached as Exhibit 1 to Segal's declaration.

7. On February 28, 2022, Defendants served Segal their expert disclosures in this case pursuant to Federal Rule of Civil Procedure 26(a)(2) and the Court's Amended Scheduling Order (ECF No. 65) at §§ 2–3, along with the accompanying Report of Mark Rose. That report concludes, "It is my conclusion that there are no substantial similarities between any element in the *Plaintiff's Materials* and the *Defendant's Novel*, much less any striking similarities. It is my conclusion, then, that there is no evidence that the Defendants have taken any elements of protected expression from the Plaintiff's work. Indeed, it is my finding that there is no evidence that the Defendants have made use of or employed the *Plaintiff's Materials* in any way. Logically, then, it follows that the *Defendants' Novel* and the *Plaintiff's Materials* were independently created." A true and correct copy of Prof. Rose's report is attached hereto as **Exhibit 1**.

8. As of the date of this Declaration, Segal has made no expert disclosures, nor has she served an expert report in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 7, 2022, at Los Angeles, California.

    __/s/ Jeffrey A. Payne_____
    Jeffrey A. Payne