1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | SOPHIA SEGAL,

Case No. 20-cv-1382-BAS-JLB

12 |               Plaintiff,

**ORDER:**

13 |    v.

14 | JASON SEGEL, *et al.*,

**(1) GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL (ECF No. 68); AND**

15 |            Defendants.

16

17 | **(2) TERMINATING AS MOOT DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT (ECF No. 74.)**

18
19
20
21
22

23      Before the Court is Plaintiff Sophia Segal's *ex parte* application for voluntary

24 dismissal of the instant action without prejudice pursuant to Federal Rule of Civil

25 Procedure 41(a)(2).[1] (Mot., ECF No. 68.) Defendants oppose and assert that, should the

26

27      [1] Also pending is Defendants' Motion to Dismiss the Lanham Act claim set forth in the Second

28 Amended Complaint and to strike certain new allegations as outside the scope of Rule 15 (SAC, ECF No. 67). (Defs. MTD, ECF No. 74.) Plaintiff has not yet replied to Defendants' motion.

- 1 -

Court decide dismissal is warranted, this matter should be dismissed *with* prejudice. (Opp'n, ECF No. 69.)  The Court finds the Motion suitable for determination on the papers submitted and without oral argument.  Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).  For the reasons set forth below, the Court **GRANTS** Plaintiff's Rule 41(a)(2) Motion and, therefore, **DISMISSES WITHOUT PREJUDICE** this action.

## I.   Background[2]

Proceeding *pro se*, Plaintiff commenced this copyright- and trademark-infringement action against Defendants on July 21, 2020.  (ECF No. 1.)  She filed a First Amended Complaint on October 22, 2020.  (ECF NO. 14.)  On July 12, 2021, Defendants moved for judgment on the pleadings pursuant to Rule 12(c).  (ECF No. 47.)  While the Rule 12(c) motion was pending, Magistrate Judge Jill L. Burkhardt amended the case management order upon the parties' joint request, extending the expert disclosure and fact discovery deadlines to February 28, 2022 and March 11, 2022, respectively.  (CMO, ECF No. 63.)

On January 21, 2022, the Court granted in part and denied in part Defendants' motion for judgment on the pleadings.  (Order.)  Specifically, the Court held that Plaintiff had pleaded adequately copyright-infringement claims against all but one Defendant (The Jason Segel Company), but that Defendants' protections under the First Amendment precluded trademark-infringement liability.  (*Id.*)  The Court granted Plaintiff leave to amend both her allegations against Defendant The Jason Segel Company and her trademark-infringement allegations.

On February 18, 2022, Plaintiff sought Defendants' consent to stipulate to dismissal without prejudice of this action.  Defendants responded that same day they would agree only to dismissal *with* prejudice.  (Segal Decl. ¶ 3, ECF No. 68.)  Defendants attest that on February 28, 2022—the expert-disclosure deadline set forth in the CMO—they served

---

[2] The Court incorporates by reference the procedural history set forth in its Order, dated January 21, 2022, granting in part and denying in part Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) (ECF No. 47).  (Order, ECF No. 66.)  It repeats procedural information only to the extent necessary to frame issues pertinent to the present Motion.

Plaintiff with their expert disclosures, as well as their expert report comparing the purportedly infringed and infringing works.  (Payne Decl. ¶ 7, ECF No. 69-1; Report of Mark Rose, ECF No. 69-2.)  Rather than serve Defendants with her own expert disclosures, on the evening of February 28, 2022, Plaintiff informed Defendants that she intended to move *ex parte* under Rule 41(a)(2).  The next day, Plaintiff responded via email, indicating that they would oppose the application.  (Segal Decl. ¶ 6.)  According to Defendants, Plaintiff still has made "no expert disclosure, nor has she served an expert report in this case."  (Payne Decl. ¶ 8.)  Indeed, besides responding to Defendants' discovery requests, Plaintiff has not engaged in discovery of any form thus far in this action.  (Opp'n 6.)

Approximately one week before the close of fact-discovery, and approximately one-month before the April 15, 2022 summary judgment deadline, Plaintiff contemporaneously filed on March 3, 2022 (1) her Second Amended Complaint and (2) the instant Rule 41(a)(2) Motion (Mot., ECF No. 68).  In support of her Motion, Plaintiff attests that she "ha[s] come to learn of the significant expense involved in meeting [her] burden of proof on [her] claims alleged in the amended complaint," and that she "simply do[es] not have the resources to successfully prosecute [her] claims . . . at this time."  (Segal Decl. ¶ 5 ("I currently work part-time as a retail clerk, earning $15.00 per hour.  Although I believe strongly that my claims against the defendants have merit, I simply do not have resources to successfully prosecute [this case], and this litigation, along with the recent death of my mother, have taken a toll on me emotionally.").)  On March 7, 2022, Defendants opposed Plaintiff's Motion.  (Opp'n.)  Defendants argue the Court should either dismiss this matter with prejudice or deny Plaintiff's request in full.

## II.    LEGAL STANDARD

Rule 41(a) sets out procedures that enable a plaintiff to voluntarily dismiss an action.  Under Rule 41(a)(1), a plaintiff can withdraw an action without first seeking leave of court to do so, either by filing a stipulation signed by all parties or by filing a motion prior to service of an answer or a motion for summary judgment.  Fed. R. Civ. P. 41(a)(1).  However, where, as here, defendants refuse to consent to dismissal and have filed an

answer to the complaint, a plaintiff can voluntarily dismiss an action only "upon order of the court and upon such terms and conditions as the court deems proper" pursuant to Rule 41(a)(2).

"A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion[.]" *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (1996). "The purpose of [Rule 41(a)(2)] is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). Thus, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted).

Neither "uncertainty because a dispute remains unresolved" nor "the threat of future litigation" constitutes plain legal prejudice. *Id.* Nor does "[t]he mere fact that defendants have incurred expense during the pendency of [a] litigation amount to legal prejudice sufficient to render a Rule 41(a)(2) motion improper." *Self v. Equinox Holdings, Inc.*, No. CV 14-4241 MMM (AJWx), 2015 WL 13298146, at *11 (C.D. Cal. Jan. 5, 2015). Rather, "'legal prejudice' means 'prejudice to some legal interest, some legal claim, [or] some legal argument.'" *Id.* at 976 (quoting *Westlands Water Dist.*, 100 F.3d at 97).

## III.    ANALYSIS

### A.    Whether Voluntary Dismissal under Rule 41(a)(2) is Appropriate

Defendants advance several arguments in support of their assertion that voluntary dismissal under Rule 41(a)(2) is inappropriate here. They point to (1) the "considerable resources" that they have devoted to defending this action; (2) the age of this case; (3) the "undue delay" with which Plaintiff requested dismissal; and (4) their "loss of the ability to bring a claim for attorney's fees as a prevailing party." (Opp'n 9.) The Court addresses each of these arguments in turn.

<u>Resources Devoted to Defending Suit</u>. Defendants argue that dismissal "would deeply prejudice [them]" because they "have expended considerable resources diligently

defending this case from its inception."[3]   (Opp'n 1.)   Yet "the expenses incurred in defending against a lawsuit does not amount to legal prejudice."   *Westlands Water Dist.*, 100 F.3d at 98 (citing *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 146 (9th Cir. 1982); *see also Huynh v. Quora, Inc.*, No. 18-cv-7597-BLF, 2020 WL 4584198, at *2 (N.D. Cal. Aug. 10, 2020) ("Defendant alleges it has devoted significant time and monetary resources toward this case . . . , but those facts do not amount to *legal* prejudice.") (emphasis added); *In re Morning Song Bird Food Litig.*, No. 12cv1592 JAH (RBB), 2015 WL 12791403, at *3 (S.D. Cal. Nov. 19, 2015).   Defendants merely complain of the inconvenience of having had to defend against Plaintiff's infringement claims up to this point, and the potential of the claim being brought later.   Yet the Ninth Circuit has made clear "[t]hese potential outcomes from dismissal are not the type that rise to plain legal prejudice."   *Bird v. PSC Holdings I, LLC*, No. 12-cv-1528-W(NLS), 2014 WL 1600459, at *2 (S.D. Cal. Apr. 17, 2014) (citing *Smith*, 263 F.3d at 976 and *Wetlands Water Dist.*, 100 F.3d at 96–97).

In finding this strand of Defendants' opposition unavailing, the Court notes that it is significant the fruits of Defendants' labor will not be laid to waste if Plaintiff ultimately chooses to withdraw her dismissal and re-assert the copyright- and trademark-infringement claims in a subsequent action, whether in this forum or elsewhere.   *See Tanis v. Sw. Airlines, Co.*, No. 18-cv-2333-BAS-BGS, 2019 WL 5268658, at *2 (S.D. Cal. Oct. 17, 2019) (finding significant that if plaintiff later sought to withdraw dismissal, defendants "w[ould] not be forced to repeat any work or expend any unnecessary resources").   Defendants will be able to rely on the same arguments in their papers, the same discovery obtained from Plaintiff, and the same expert report in defending any subsequent suit by Plaintiff that is based on the claims in the instant action.

Age of the Case.   Defendants next argue that voluntary dismissal would be inappropriate because "this case has been pending for more than a year and a half."   (Opp'n

---

[3] The Court observes that Defendants do not proffer any evidence in support of this assertion.   *See infra* Sec. III.B.1.

9.)  However, it is well-settled "the age of a case, standing alone, does not require a finding of prejudice." *Brown v. Nat'l R.R. Passenger Corp.*, 293 F.R.D. 128, 131 (E.D.N.Y. 2013). Indeed, the relevant inquiry is not how long a case had been pending but whether dismissal is sought by the plaintiff at a stage at which legal prejudice to the defendant is likely to ensue.  *See, e.g.*, *Watson v. Clark*, 716 F. Supp. 1354, 1356 (D. Nev. 1989), *aff'd*, 909 F.2d 1490 (9th Cir. 1990) ("[P]lain legal prejudice has been shown where the motion for voluntary dismissal came at such an advanced stage of the proceedings so as to prejudice defendant by waste of time and expense in preparation of defense." (citing *Green Giant Co. v. M/V Fortune Star*, 92 F.R.D. 746 (S.D. Ga. 1981))).

Although the instant action is nearly two-years old, it has yet to advance past the pleading stage. *See Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) ("[A]ny prejudice to defendants was limited because the case had not progressed beyond the pleading stage."); *Meltzer v. Nat'l Airlines, Inc.*, 31 F.R.D. 47, 49 (E.D. Pa. 1962) (granting voluntary dismissal and finding significant that the matter had not gone beyond the pleading stage).  While the timing of Plaintiff's Rule 41(a)(2) may not be ideal, this Court finds that it does not come at so advanced a stage in the proceedings that dismissal would cause Defendants legal prejudice.

<u>Undue Delay</u>.  Defendants argue that Plaintiff's motion should be rejected because she "unduly delayed . . . bringing her . . . application until *after* the expert disclosure deadline and just days before the fact-discovery cutoff date."  (*See* Opp'n 9.)  However, Defendants do not explain how this amounts to *legal* prejudice, as opposed to inconvenience, and no legal prejudice is apparent to the Court.  As best this Court can tell, what Defendants complain of is having had to commission an expert report to defend against Plaintiff's copyright-infringement claims, only for that claim to have been withdrawn.  But, as mentioned above, this does not amount to legal prejudice. *Bird*, 2014 WL 1600459, at *2 (holding that expending resources in creating work product in defense of action does not amount to legal prejudice).  The Court finds significant that Defendants

will be able to rely upon their expert report should Plaintiff later emerge with a new action based upon the instant proceeding.  *See Tanis*, 2019 WL 5268658, at *2.

Although not raised by Defendants, it is felt by this Court important to express that Defendants' pending motion to dismiss the trademark-infringement claim in the SAC does change this Court's calculus.  *See, e.g.*, *In re Morning Song Bird Food Litig.*, 2015 WL 12791403, at *4 (finding pending summary judgment motion did not support legal prejudice); *United States v. Gilead Sci., Inc.*, No. 11-cv-941-EMC, 2020 WL 1915032, at *2 (N.D. Cal. Apr. 20, 2020) (finding pending motion to dismiss did not constitute legal prejudice); *see also Gunderson v. Alaska Airlines, Inc.*, No. C06-1340MJP, 2007 WL 4246176, at *3 (W.D. Wash. Nov. 29, 2007) (opining that finding legal prejudice arising from the termination of a pending motion would improperly presume a favorable outcome). Again, Defendants will not be precluded from raising substantially the same arguments asserted in that motion in any subsequent litigation involving Plaintiff's trademark-infringement claims.

Loss of Claim for Attorney's Fees.  Courts may award the "prevailing party" in a copyright- or trademark-infringement action a discretionary award of costs, including reasonable attorney's fees.  17 U.S.C. § 505 (Copyright Act); 15 U.S.C. § 1117(a) (Lanham Act).  Defendants argue that "dismissal of Segal's case without prejudice would deprive Defendants of the ability to recover the fees they spent defending Segal's meritless case." (Opp'n 10 (citing *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981–82 (9th Cir. 2008) ("[D]ismissal without prejudice does not alter the legal relationship of the parties," and therefore does "not confer prevailing party status upon the defendant.")).)

The Court finds this strand of Defendants' opposition far too conjectural to establish legal prejudice.  Defendants will succeed on their attorneys'-fees claims only if (1) the Court deems them "prevailing part[ies]" and (2) the multi-factorial test federal district courts within the Ninth Circuit must undertake to determine whether to award the prevailing party fees weighs in their favor, *see Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018) (instructing federal district courts to balance at least seven

factors in determining whether costs, including attorney's fees, should be awarded to the "prevailing party"). Simply put, Defendants' attorneys'-fees claims are far too speculative to amount to legal prejudice. *See World Trading 23 v. EDO Trading, Inc.*, No. 2:12-cv-10886-ODW(PJWx), 2013 WL 12134187, at *3 (C.D. Cal. Nov. 14, 2013) (granting Rule 41(a)(2) motion against defendant's objection dismissal foreclosed its attorney's-fees claim, finding that claim "speculative at best"); *Young v. LG Chem Ltd.*, No. 13-md-2420-YGR(DMR), 2015 WL 8269448, at *5 (N.D. Cal. Dec. 9, 2015) (finding defendants' argument that dismissal without prejudice would impact their ability to raise a defense "speculative" and granting voluntary dismissal).[4]

Accordingly, Defendants have not sufficiently demonstrated that dismissal of this action will result in legal prejudice. The Court thus concludes that Plaintiff is entitled to dismiss the action.

### B.   Whether Dismissal Should be With Prejudice

"Whether a dismissal is to be with or without prejudice is discretionary with the court." *United States v. Ass'n of Behavior Consultants*, No. 15-cv-1188-JCS, 2020 WL 32330, at *4 (N.D. Cal. Jan. 2, 2020) (citing *Microhits, Inc. v. Deep Dish Prods., Inc.*, 510 F. App'x 611, 612 (9th Cir. 2013) and *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom.*, *Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995)). At the heart of this inquiry is whether "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnette*, 828 F. Supp. at 1443–44. To measure the potential inequity or prejudice arising from dismissal without prejudice, courts consider (1) the defendant's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; and (3) insufficient explanation of the need to take a dismissal. *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005); *see also Pelletier v. United States*, No. 20-cv-1905-

---

[4] The Court further observes Defendants would not be foreclosed from pursuing their attorneys'-fees claims in future litigation.

GPC-DEB, 2021 WL 2895817, at *2 (S.D. Cal. July 8, 2021) (quoting *Burnette*, 828 F. Supp. at 1443–44).

With respect to the first factor, Defendants have made no effort to educate this Court as to the amount it has expended in defending this case. They fail to offer any attestation or supporting documentation reflecting the amount of attorney's fees incurred in defending this action. Defendants' failure to do so renders the Court incapable of assessing the veracity of their assertion they "have spent considerable resources defending [Plaintiff's] lawsuit in anticipation of trial," and is grounds alone to find the first factor weighs in favor of dismissal without prejudice. (Opp'n 6); *see Arteris S.A.S. v. Sonics, Inc.*, No. C12-0434 SBA, 2013 WL 3052903, at *4 (N.D. Cal. June 17, 2013) (finding significant defendant's failure to "cit[e] any evidence substantiating its claim that it ha[d] incurred [substantial] costs"); *cf. World Trading 23*, 2013 WL 12134187, at *4 (finding defendant's incurrence of $75,000 in attorney's fees did not require dismissal with prejudice).

However, even an examination of the record does not support Defendants' assertion they have "expend[ed] substantial sums" in this action at a level sufficient to warrant dismissal with prejudice. As Defendants recount in their Opposition, thus far in this proceeding they have, *inter alia*, "prepar[ed] for and attend[ed] an Early Neutral Evaluation [conference]," which did not go forward; "propounded discovery"; "retain[ed] an expert"; and "draft[ed] a motion for judgment on the pleadings." (Opp'n 6.) Courts have found dismissal without prejudice to be appropriate on records reflecting even greater resources had been devoted to the defense of an action. *See*, *e.g.*, *Arteris S.A.S.*, 2013 WL 3052903, at *4 (holding dismissal without prejudice appropriate even though defendants served and responded to numerous discovery requests, retained experts, travelled to Europe to depose witnesses, and spent hundreds of dollars preparing for trial, because there "ha[d] not been significant progress in the case"); *Beckett v. MACYSDSNB*, No. 11-CV-00246, 2012 WL 479593, at *3 (N.D. Cal. Feb. 14, 2012); *see also Burnette*, 828 F. Supp. at 1444 ("[I]t weighs in Plaintiffs' favor that the trial has not yet started and no pretrial motions were pending at the time the dismissal motion was filed.").

20cv1382

While Plaintiff's timing may not be ideal, when her *pro se* status is added to the fact this matter finds itself at a relatively early stage in the proceedings, the Court is inclined to find that the first factor weighs in favor of dismissal without prejudice. *See Allen v. United States*, 277 F.R.D. 221, 224 (D.D.C. 2011) (granting request under Rule 41(a)(2), finding *pro se* plaintiff "should . . . be afforded some latitude in maneuvering the judicial process").

Although Defendants do not address directly the second factor, as best this Court can tell Defendants aver excessive delay and/or lack of diligence on Plaintiff's part because of her failure (1) to follow through on her own discovery efforts and (2) to secure counsel. The Court finds these grounds insufficient to merit dismissal with prejudice. *See Thomspon v. Arizona*, No. CV-10-8001-PCT-DGC, 2010 WL 3400512, at *1 (D. Ariz. Aug. 26, 2010) (finding dismissal without prejudice warranted where *pro se* plaintiff sought voluntary dismissal of action on "grounds that she filed th[e] action with the intent of obtaining legal counsel but ha[d] been unable to do so, that she is without the legal resources and knowledge necessary to prosecute the case, and that she cannot financially or emotionally proceed with the case *pro se*").

Finally, Defendants argue that the third factor weighs in their favor because Plaintiff's "purported explanation for why she must dismiss this case now is insufficient to support dismissal without prejudice." (Opp'n 7.) As mentioned above, Plaintiff attests that she seeks a dismissal without prejudice now because she can no longer afford the financial or emotional toll of litigating the instant dispute. (Segal Decl. ¶¶ 4–5.) Specifically, she avers that despite her diligence, she has struggled to secure counsel or find funding to prosecute this action on her current salary. (*Id.* ¶ 5.) She also avers that because of a recent death in her family, she no longer is emotionally capable of proceeding with litigation. (*Id.*)

In *Thompson v. Arizona*, 2010 WL 3400512, at *1 (D. Ariz. Aug. 26, 2010), a case proffered by Plaintiff, the district court prompted with substantially the same explanation from a *pro se* plaintiff seeking dismissal of her claim pursuant to Rule 41(a)(2) found that "dismissal with prejudice would be an unduly harsh result." This Court agrees. In so

holding, it finds significant that the record does not support Defendants' conclusory assertion that, by her Motion, "'Plaintif[f] seek[s] to avoid the consequences of [her] own lack of diligence and deprive the Defendants of the benefit' of the [C]ourt's earlier ruling." (Opp'n 7 (citing *Kamal v. Eden Creamery, LLC*, No. 18-cv-1298 TWR (AGS), 2021 WL 4460734, at *4–6 (S.D. Cal. Sept. 29, 2021)).)  Indeed, although the Court in its most recent Order dismissed Plaintiff's Lanham Act claim, it afforded Plaintiff one last opportunity to plausibly allege such a claim.  By moving to dismiss, Plaintiff relinquishes that opportunity.  Moreover, Plaintiff's Lanham Act claim is secondary to her Copyright Act claim, which this Court held in its Order was adequately alleged to defeat a Rule 12(c) challenge.  (Order 29.)  Thus, it is not apparent to this Court what "earlier ruling" Plaintiff evades through voluntary dismissal.  *See Plastronics Socket Partners Ltd. v. HighRel Inc.*, 2020 WL 377130, at *4 (D. Ariz. Jan. 23, 2020) ("The Court finds dismissal *without* prejudice more appropriate," *inter alia*, because "theory that Plaintiffs only filed this Motion to avoid a near certain adverse ruling is entirely speculative, especially when the Court has not yet adjudicated whether the SAC states a claim.").

Accordingly, the Court finds dismissal of the action without prejudice is appropriate.

### C.    Conditions of Dismissal

"Although costs and attorney['s] fees are often imposed upon a plaintiff who is granted a voluntary dismissal under [Rule 41(2)(2)]," the Ninth Circuit has held that ordering payment of costs and attorney's fees is not a prerequisite to granting voluntary dismissal without prejudice under this provision.  *Stevedoring Servs. of Am.*, 889 F.2d at 921.  Because Defendants do not request the imposition of any conditions of dismissal, the Court will not impose any.  *See Isgar v. City of Bakersfield*, No. 1:18-cv-0433 JLT, 2020 WL 3256849, at *4 n.3 (E.D. Cal. June 16, 2020) (dismissing action without prejudice and noting that "though the Court would have considered the dismissal upon conditions . . ., the defense did not request any conditions.").

However, this Court warns Plaintiff that its determination does not preclude the assessment of costs in any future action Plaintiff seeks to bring against Defendants in this

forum or elsewhere. *See* Fed. R. Civ. P. 41(d). Under Rule 41(d), if a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court may order the plaintiff to pay all or part of the costs in that previous action. *Id.* Accordingly, the Court warns Plaintiff that if she chooses to withdraw her dismissal and bring another action based on this action, the Court can order Plaintiff to pay all or part of the costs of this action. *See* Fed. R. Civ. P. 42(d)(1).

## IV.   CONCLUSION

Based upon the foregoing, the Court **ORDERS**

1.   Plaintiff's motion to dismiss the action pursuant to Rule 41(a)(2) is **GRANTED**. (ECF No. 68);

2.   Defendants' motion to dismiss the Lanham Act claim and to strike new allegations concerning the Copyright Act claim is **TERMINATED AS MOOT**. (ECF No. 74); and

3.   The Clerk of Court is **DIRECTED** to close this action.

**IT IS SO ORDERED.**

**DATED: March 22, 2022**

Hon. Cynthia Bashant
United States District Judge

- 12 -